CONAGRA FEED COMPANY, Plaintiff,

v.

Issac Hurst HIGGINS, Jr., a/k/a Hurst Higgins, a/k/a Junior Higgins, Defendant/Third Party Plaintiff,

v.

Steele Feed Service, Inc., Third Party Defendant.

No. 5:00CV78–H.

United States District Court, W.D. North Carolina, Statesville Division.

Feb. 23, 2001.

**266**

Jane R. Langdell, Mark· A. Ash, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for plaintiff.

Jay Vannoy, Vannoy, Colvard, Triplett & Vannoy PLLC, J. Gary Vannoy, North Wilkesboro, NC, for Issac Hurst Higgins, Jr. aka Hurst Higgins, Jr. aka Junior Higgins.

Issac Hurst Higgins, Jr., Ennice, NC, pro se.

Urs R. Gsteiger, Horton & Gsteiger, PLLC, Winston–Salem, NC, for Steele Feed Service, Inc.

### MEMORANDUM AND ORDER

HORN, Chief United States Magistrate Judge.

THIS MATTER is before the Court on the "Plaintiff's Motion for Sanctions or to Compel ..." (document # 29), "Plaintiff's Brief in Support ..." (document # 30), "Plaintiff's Motion for Sanctions for Failure to Appear at Initial Pretrial Conference" (document # 31), and "Plaintiff's Brief in Support ..." (document # 32), all filed January 22, 2001. The *pro se* Defendant has neither provided long overdue discovery, responded to the subject motions, nor attended an Initial Pretrial Conference as ordered by the undersigned.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the subject motion is now ripe for disposition. The deadline for responding has long since expired.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will *grant* the Plaintiff's motions, *enter* a Default Judgment, *dismiss* the Defendant's counterclaim, and require the Defendant to *pay the Plaintiff's reasonable expenses* of attending the Initial Pretrial Conference, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a contract action seeking damages and attorney's fees for breach of a sales and purchase agreement. For a more detailed statement of the underlying facts, reference is made to the undersigned's Memorandum and Order filed August 17, 2000 (document # 18).

On September 18, 2000, the Defendant filed his Answer and Counterclaim. However, except for filing it, Mr. Higgins has done absolutely nothing further either to prosecute his counterclaim, to comply with the Rules of Civil Procedure, or even to obey direct orders of this Court.

On November 6, 2000, Conagra served Interrogatories, Requests for Production of Documents, and Requests for Admission on Mr. Higgins, who was then represented by counsel.

On December 7, 2000, Mr. Higgins served Responses to Conagra's Requests for Admissions, but to date has not responded to the Interrogatories and Requests for Production of Documents.

On December 8, 2000, Mr. Higgins' counsel filed a "Motion to Withdraw as Counsel of Record" (document # 24) citing, among other things, Mr. Higgins' refusal to speak with and/or cooperate with him in responding to the discovery requests which are the subject of this motion.

In spite of Mr. Higgins' egregious disregard for the Rules of Civil Procedure, advice of his own attorney, and responsibilities as a

litigant, both opposing counsel and the Court have given him repeated chances to conform his conduct. First, Conagra's counsel informally gave him additional time to respond to the already overdue discovery. Second, the Court continued the Initial Pretrial Conference ("IPC"), initially scheduled for December 19, 2000, until January 17, 2001.

By Order filed December 13, 2000 (document # 25), a copy of which was mailed directly to Mr. Higgins, the undersigned allowed Mr. Higgins' counsel to withdraw and *ordered* Mr. Higgins to appear at the Initial Pretrial Conference ("IPC") on January 17, 2001. Again, Mr. Higgins *ignored* the Court's Order and did *not* attend the IPC.

The December 13, 2000 Order stated:

Mr. Higgins is cautioned and advised that his continued failure to respond to legitimate discovery requests from opposing parties will subject him to sanctions, including the requirement that he pay his opponents' costs (including their reasonable attorneys fees), dismissal of his third-party complaint against Steele Feed, or both.

Also on December 13, 2000, the Third Party Defendant filed a "Motion for Sanctions ..." (document # 26). In similar fashion to the subject motions, Mr. Higgins failed to respond to Steele's motion.

By "Memorandum and Order" filed January 18, 2001 (document # 27), a copy of which was mailed directly to Mr. Higgins, the undersigned dismissed the Third Party Complaint with prejudice and warned Mr. Higgins yet again of the dire consequences of failure to obey the Court's orders.

On January 22, 2001, Conagra filed the subject "Motion for Sanctions ..." (document # 29) and "Motion for Sanctions for Failure to Appear at Initial Pretrial Conference" (document # 31) which the Defendant has wholly ignored.

## II. *DISCUSSION*

■ Default judgment or dismissal of claims are remedies available for a party's blatant and repeated failure to obey rules and orders of the district court. *See* Fed. R.Civ.P. 11, 16, 26, and 37(b)(2)(C); *National Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 643, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976); *Mutual Fed. Sav. & Loan v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989); *and Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 504-04 (4th Cir.1977). Prior to dismissal or entry of default judgment, however, the Fourth Circuit has emphasized the significance of both establishing a history of dilatory action and warning to the offending party of what may follow. *See, e.g., Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir.1995); *Choice Hotels Int'l v. Goodwin & Boone*, 11 F.3d 469, 473 (4th Cir.1993); *and Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir.1987). Both conditions (establishing a history of dilatory action and warning the offending party) have clearly been met in this case.

Rule 37(b)(2) governs the appropriate sanctions for failure to comply with a discovery order or to appear as ordered at a pretrial conference, stating in relevant part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following... (C) An order ... dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party....

■ In *Mutual Federal*, the Fourth Circuit restated the four factors a district court should consider in deciding whether to impose the sanction of dismissal or default judgment. These factors are:

(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* at 92, *citing Wilson*, 561 F.2d at 503-04.

The *pro se* Defendant in this case has been fairly and even generously treated, both by the Court and by Conagra's counsel. As set forth above, repeated opportunities to

correct deficiencies have been given. His *pro se* status has been considered and given generous allowance. Nevertheless, the Defendant's neglect of his obligations and responsibilities as a litigant—and of clear and unequivocal orders of this Court—continue unabated. The Defendant steadfastly refuses to produce discovery to which the Plaintiff is clearly entitled, fails to respond to a motion asking for default judgment and sanctions, and even refused to attend a Court-ordered conference. Under the *Mutual Federal* factors, where the Defendant has been repeatedly indulged, warned, and cautioned, default judgment and dismissal of his counterclaim are proper and proportionate sanctions.

## III.  *ORDER*

**NOW, THEREFORE, IT IS ORDERED:**

1.  The "Plaintiff's Motion for Sanctions ..." (document # 29) and "Motion for Sanctions for Failure to Appear at Initial Pretrial Conference" (document # 31) are **GRANTED**; and the Defendant's Counterclaim is **DISMISSED WITH PREJUDICE.** The Court will enter a separate Default Judgment of even date.

2.  Counsel for the Plaintiff shall have 60 days to submit a Statement of Attorney's Fees and Costs.

3.  The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the *pro se* Defendant.